UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHAWN BROOKS,
          Plaintiff,

v.

WESTCHESTER COUNTY JAIL; WARDEN
MIDDLETON; C.O. HUGHES; CAPTAIN
ROBERT; CAPTAIN JOHNSON; U.S.
PROBATION OFFICER VERONICA
DIGNAM; CAPTAIN SPAULDING; SGT.
HOLLIS; SGT. DAWSON; and SGT. REYES
RHODES,
          Defendants.
------------------------------------------------------------x

**ORDER**

19 CV 10901 (VB)



Plaintiff, proceeding pro se and in forma pauperis, commenced this action by filing a complaint dated November 4, 2019. (Doc. #2). On December 4, 2019, the Court issued an Order of Service dismissing defendant Westchester County Jail and directing service on the remaining defendants. (Doc. #6). The Court is now in receipt of a second complaint, also titled "complaint" and also dated November 4, 2019, although the Clerk docketed it as an "Amended Complaint." (Doc. #7). Both complaints contain similar allegations, but against some different defendants.[1]

The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

Construed together, plaintiff's complaints may state a valid claim for relief against defendant C.O. Hughes, whom plaintiff alleges used excessive force against him by punching

---

[1] In the first complaint (but not the second), plaintiff sues U.S. Probation Officer Veronica Dignam. (Doc. #2). In the second complaint (but not the first), plaintiff sues Captain Spaulding, Sgt. Dawson, and Sgt. Reyes Rhodes. (Doc. #7).

1

him in the face. Plaintiff's complaints, however, on their face do not state valid claims for relief against any other defendant.

## DISCUSSION

First, as the Court previously ordered, Westchester County Jail is not a "person" with the meaning of Section 1983. See Whitley v. Westchester Cnty. Corr. Fac. Admin., 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983).[2]

Second, plaintiff's first complaint alleges, "misprosecution by Westchester County Warden and Captain by putting me into lock up for 60 days without the outcome of investigation of SIU Unit." (Doc. #2 at 4). Plaintiff's second complaint similarly alleges, "C.O. Warden Middleton allowed me to Received 60 Lock up by Captain Robert." (Doc. #7 at 3). However, "restrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more onerous than usual." Davis v. Barrett, 576 F.3d 129, 133 (2d Cir. 2009). Plaintiff has not alleged conditions more onerous than usual.

Third, plaintiff's first complaint alleges, "Violation of Due Process mis prosecution by probation officer." (Doc. #2 at 4). Plaintiff's second complaint similarly alleges, "Spaulding didn't investigation send me to SHU." (Doc. #7 at 3). These allegations are conclusory and do not give rise to a claim for relief. "Even in a pro se case, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted).

---

[2] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

2

Fourth, plaintiff's second complaint alleges C.O. Johnson refused to take his grievance. Plaintiff's second complaint also alleges, "Sgt Hollis Sgt. Dawson Sgt. Reyes denial my grievance." (Doc. #7 at 3). Notwithstanding the First Amendment's guarantee of the right to petition the government for redress, "inmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under [Section] 1983." Cancel v. Goord, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001).

Accordingly, all claims other than plaintiff's excessive force claim against C.O. Hughes are dismissed.[3]

---

[3] Plaintiff attached several papers to his second complaint relating to a petition for a writ of habeas corpus in the Supreme Court of the State of New York. It is unclear why plaintiff attached those papers, but to the extent he seeks to file a petition of habeas corpus in this Court, he must do so separately from this civil suit.

## CONCLUSION

The only remaining claim is plaintiff's excessive force claim against C.O. Hughes.

Defendant C.O. Hughes shall construe both complaints (Docs. ##2, 7) as a single complaint.

Clerk shall terminate from the docket defendants (i) Captain Johnson, (ii) Sgt. Hollis, (iii) Warden Middleton, (iv) Westchester County Jail, (v) Captain Robert, (vi) Sgt. Dawson, (vii) Captain Spaulding, and (viii) U.S. Probation Officer Veronica Dignam.

In addition, although Sgt. Reyes Rhodes is listed in the caption of the second complaint, there are no allegations against him therein. Accordingly, any claims against Sgt. Reyes are dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: December 11, 2019
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge